USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11/27/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------- X
       :
UNITED STATES OF AMERICA,    :
       :
          -against-    :      18-CR-526 (VEC)
       :
       :      <u>ORDER</u>
TOMAS COLON,    :
                        Defendant.    :
       :
-------------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

       WHEREAS on November 14, 2023, in a publicly filed letter, Mr. Colon sought leave to file his entire sentencing submission under seal "due to [D]efendant's agreement to be debriefed by the Government," Dkt. 407;

       WHEREAS on November 14, 2023, the Court granted the request, Dkt. 408;

       WHEREAS on November 16, 2023, Mr. Colon filed his sentencing submission under seal, Dkt. 410; and

       WHEREAS the Court received an email from Matthew Lee of Inner City Press seeking to unseal Mr. Colon's sentencing submission in this case, *see* Dkt. 412 at 2-3;

       WHEREAS the Court ordered Mr. Colon to show cause why he should not be required to file a public version of his sentencing submission redacted only to protect sensitive information that is not already public, *see id.* at 1;

       WHEREAS on November 27, 2023, Mr. Colon filed a letter motion to seal the response to the order to show cause that states, in its entirety, the following: "We respectfully request permission to file our response to the Order to Show Cause under seal," *see* Letter, Dkt. 413;

WHEREAS the Court received the attached communication from Matthew Lee of Inner City Press opposing Mr. Colon's request to seal his response to the order to show cause;

WHEREAS there is a presumption of public access to judicial documents, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006); and

WHEREAS to overcome the presumption of public access over a judicial document, the court must make "specific, on the record findings" that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest," *see id.* at 120 (citation omitted).

IT IS HEREBY ORDERED that Mr. Colon's request to file his response to the order to show cause why he should not be required to file a public version of his sentencing submission at Dkt. 413 is DENIED.  Mr. Colon's letter is devoid of any reason why the response should be sealed and cannot overcome the presumption of public access under the Second Circuit's test in *Lugosch*.  In his response to the order to show cause, Mr. Colon can explain why he believes certain material in the sentencing submission should be sealed without revealing the sensitive material itself.

**SO ORDERED.**

Date:  November 27, 2023
New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**

# Inner City Press

November 27, 2023

By E-mail to Chambers

Hon. Valerie E. Caproni, United States District Judge
Southern District of New York, 40 Foley Square, New York, NY 10007

Re: Renewed Press application to be heard / to unseal sentencing memo in US v. Colon, 18-cr-526-7 (VEC) - opposition to sealing of defendant's response to OTSC and if deemed necessary motion to intervene

Dear Judge Caproni:

  Inner City Press has been covering the above captioned criminal case and in trying to access defendant Tomas Colon's November 16, 2023 sentencing memo Dkt 410 on PACER found "This document is not available." Colon's counsel filed a one-sentence letter on November 14 seeking permission to file Mr. Colon's sentencing memo under seal. "AUSA does not take a position in this request."

  Following our November 16 opposition, the Court gave Colon's counsel until November 28 to show cause on the sealing. Now midday on November 27, again in one line, counsel has asked "for permission to file our response to the Order to Show Cause under seal."

  This is immediate opposition, emailed to Chambers and the parties. Sealing is only possible after a showing - a showing not itself under seal. See generally, Bernstein v. O'Reilly, 17-cv-9483, 2018 WL 1615840 (SDNY 4/3/18) denying a defendant's motion to seal documents where he failed to "present compelling countervailing factors that could overcome the presumption of public access."

   If deemed necessary, this now is a request to intervene, see United States v. All Funds on Deposit at Wells Fargo Bank, 643 F. Supp. 2d 577, 580 (S.D.N.Y. 2009)

   If appropriate, PLEASE TAKE NOTICE that Inner City Press and its undersigned reporter will move this Court before Honorable Valerie E. Caproni, U.S. District Judge for the Southern District of New York, at a date and time directed by the Court, for entry of an order denying the sealing of defendant's justification for sealing the sentencing memo in US v. Colon, 18-cr-526-7 (VEC).

   Please act on, and docket, this request, before the sentencing.  Thank you.

Inner City Press: In-house SDNY: Room 480, 500 Pearl Street, NY NY 10007
E-mail: Matthew.Lee@innercitypress.com - Tel: 718-716-3540
Regular Mail: Dag Hammarskjold Center, Box 20047, New York, NY 10017

Respectfully submitted,

Matthew Russell Lee, Inner City Press

cc:  vik@pawarlaw.com, Adam.Hobson@usdoj.gov