# PAWAR LAW GROUP P.C.

ATTORNEYS AT LAW

20 VESEY STREET SUITE 1410
NEW YORK NEW YORK 10007

**Robert Blossner**
**Vik Pawar**

TEL (212) 571 0805
FAX (212) 571 0938
www.pawarlaw.com

November 28, 2023

**BY ECF:**
The Honorable Valerie E. Caproni
United States District Judge

Re:    *U.S. v. Colon,* 18 CR 526 (VEC)

Dear Judge Caproni:

    I am one of the attorneys of record for defendant Tomas Colon ( "Mr. Colon") and submit this response in an effort to show cause why Mr. Colon's sentencing memorandum and the letters of his family and friends written to the Court should be filed under seal.

    As a member of the defense bar for many years, I have become well aware as the Court and Government counsel must have, that not only is cooperation by a defendant fraught with danger, but that even the erroneous assumption that a defendant is cooperating often results in violence being directed at those under suspicion of cooperating, and/or their families. In the instant matter, Mr. Colon has not cooperated and does not seek favored treatment from the Court as a cooperator. He does wish for peace of mind and does not wish to have the violent emotions of others stirred unnecessarily.

    Mr. Colon has in the past waived certain substantial rights which I fear if they were to become public knowledge, would engender suspicion that he had attempted to cooperate. What is troubling is that I have been informed that such suspicions has previously been communicated to Mr. Colon and his family, and as will be set forth, previous endeavors by Inner City Press, the very group that now opposes sealing in this matter, has caused what should have been confidential information (for e.g. cooperation, names, addresses and telephone numbers of family to be disseminated on the internet). That information appeared in sentencing memorandums and the letters that accompanied them and was later unwisely published by Inner City Press that, in my humble view, those unwarranted revelations were not worthy of a responsible press. It is my duty as counsel to protect my client as best I can from any harm that could be caused due to the suspicion of others.

1

The instant matter concerns the distribution of many kilograms of narcotics. The Court will be informed through the many letters from the family and friends of Mr. Colon that he is a gentle, peaceful, and well-liked person. Unlike many other matters that have come before this Court, this long-term conspiracy did not involve any violence, threats, or weapons. From what I have been informed, after the arrest of his co-conspirators in 2018, Mr. Colon fell under suspicion. He was evidently believed by some to have been cooperating because he was not brought to justice at the same time as his co-conspirators. That suspicion as to his alleged cooperation was conveyed to Mr. Colon in the Dominican Republic where he was living after his co-conspirators were indicted.

Later in 2022, when he was taken into custody due to the instant matter, Mr. Colon immediately waived extradition from the Dominican Republic to the United States. Curiously, the mother of one of his children was thereafter stopped and questioned as to why Mr. Colon had not contested his extradition to the United States. As the Government must confirm, after being brought to the SDNY, Mr. Colon agreed to be debriefed by the United States Attorney and narcotics enforcement agents. As is the standard procedure, Mr. Colon waived his 5th Amendment rights when he agreed to a proffer session with the Government. Up until the time of my submission of the memorandum the sealing of which is now in question, it was not common nor public knowledge that Mr. Colon had agreed to a proffer session. I was not his counsel at the time, nor was I present during the proffer sessions. However, I have been informed by Government's counsel that although no revelation made by Mr. Colon was deemed sufficient to aid in the prosecution of others, he was not found to be "obstructive" in the course of such sessions. It is verily feared that the very fact of Mr. Colon having taken those steps could easily be viewed with suspicion by those in what is historically known to be an extremely violent industry. For those reasons, I fear that unwarranted retribution may be inflicted upon those that my client loves and holds dear.

This request to seal the Mr. Colon's sentencing memorandum is not being made upon surmise, conjecture, or generalities. It is based on a recent unpleasant experience with Inner City Press. In an entirely unrelated matter in which I represented a defendant, Inner City Press gained access to my client's sentencing memorandum and letters to the Court and proceeded to what I consider to be an irresponsible release and publication of confidential information. In the matter that I am referencing (a SDNY case which is in no way connected with the instant conspiracy), I represented a defendant who earned a 5K1.1 letter by rendering substantial assistance to the Government. My client in that matter was in effect, "outed" as a cooperator by Inner City Press for what appears to be no reason other than sensationalism. Unfortunately, I failed to request sealing of that memorandum.

As a result of my failure to request sealing in that matter, not only did Inner City Press publish the sentencing minutes of a defendant who sold my client corrupt oxycodone pills which were laced with fentanyl, but it is verily believed that Inner City Press was the source of the names addresses and telephone numbers not only of my client in that matter, but also of his family, and those friends who wrote letters to the Court on his behalf. Shortly after my client was sentenced, all of that information was published on the internet.

Attached hereto as exhibits are articles published in that matter under the name of Inner City Press, and the internet reference to the above.

      Sensitive information as outlined herein are essential to the proper administration of Justice and should not be available to the general public without specific and Court ordered reasoning. Therefore, I respectfully request that the Court seal the sentencing memorandum submitted on behalf of Mr. Tomas Colon.

                                                                   Respectfully,

                                                                  Robert Blossner

Cc:    All counsel

3