USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/29/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X
                                                                  :
UNITED STATES OF AMERICA,                                         :
                                                                  :
                   -against-                                      :   18-CR-526 (VEC)
                                                                  :
                                                                  :   ORDER
TOMAS COLON,                                                      :
                                         Defendant.               :
                                                                  :
------------------------------------------------------------------X

VALERIE CAPRONI, United States District Judge:

WHEREAS on November 14, 2023, in a publicly filed letter, Mr. Colon sought leave to file his entire sentencing submission under seal "due to [D]efendant's agreement to be debriefed by the Government," Dkt. 407;

WHEREAS on November 14, 2023, the Court granted the request, Dkt. 408;

WHEREAS on November 16, 2023, Mr. Colon filed his sentencing submission under seal, Dkt. 410; and

WHEREAS the same day, the Court received an email from Matthew Lee of Inner City Press seeking to unseal Mr. Colon's sentencing submission, *see* Dkt. 412 at 2-3;

WHEREAS on November 20, 2023, the Court ordered Mr. Colon to show cause why he should not be required to file a public version of his sentencing submission redacted only to protect sensitive information that is not already public, *see id.* at 1;

WHEREAS on November 28, 2023, Mr. Colon publicly filed his response to the order to show cause, which states that the basis for sealing the entire sentencing submission is that he waived extradition and agreed to be debriefed by the Government, although he did not ultimately cooperate, *see* Letter, Dkt. 415;

WHEREAS Mr. Colon's primary stated reason for sealing — that he agreed to be debriefed by the Government — was already made public by Mr. Colon in his initial request to seal the sentencing submission, *see* Dkt. 407 ("The need to file [the submission] under seal is due to defendant's agreement to be debriefed by the government.");

WHEREAS on November 28, 2023, the Court received the attached email from Matthew Lee of Inner City Press responding to Mr. Colon's stated reasons for sealing;

WHEREAS there is a presumption of public access to judicial documents, *see Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006);

WHEREAS to overcome the presumption of public access over a judicial document, the court must make "specific, on the record findings" that sealing (1) is necessary "to preserve higher values," and (2) "is narrowly tailored to serve that interest," *see id.* at 120 (citation omitted);

WHEREAS higher values include, *inter alia*, the need to safeguard sensitive medical records, *see Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No. 23-CV-7331 (LJL), 2023 WL 5956144, at *3 (S.D.N.Y. Sept. 13, 2023); and

WHEREAS there is no legal basis to seal information that has been voluntarily made public, *see Fernandez v. United States*, No. 12-CR-445 (JMF), 2016 WL 4735370, at *7 (S.D.N.Y. Sept. 12, 2016) (denying request to seal based on defendant's attempted cooperation where other publicly filed documents already disclosed that information).

IT IS HEREBY ORDERED that by no later than **Thursday, November 30, 2023**, Mr. Colon must file a public version of his sentencing submission that uses redactions to protect sensitive information that is not already public, e.g., details of Defendant's daughter's medical issues; contact information for individuals who submitted letters on Defendant's behalf. The

Court reiterates that the fact that Mr. Colon was debriefed by the Government was already made public by Mr. Colon himself and therefore may not be redacted.

      IT IS FURTHER ORDERED that some information in the sentencing submission related to sensitive medical information of Mr. Colon's minor daughter may be redacted because the Court finds that the interest in protecting sensitive medical information outweighs the presumption of public access.  To that end, Exhibits 3 through 5 may remain under seal in their entirety.  The rest of the sentencing submission may be redacted to remove medical information.

**SO ORDERED.**

**Date:  November 29, 2023**  
**New York, NY**

                                        **VALERIE CAPRONI**  
                                        **United States District Judge**

**Caproni NYSD chambers**

| | |
|---|---|
| From: | Matthew R. Lee <matthew.lee@innercitypress.com> |
| Sent: | Tuesday, November 28, 2023 5:56 PM |
| To: | Caproni NYSD chambers |
| Cc: | vik@pawarlaw.com; Adam.Hobson@usdoj.gov |
| Subject: | Re: Renewed Press application to be heard / to unseal sentencing memo and letters in US v. Colon, 18-cr-526-7 (VEC) - and if deemed necessary motion to intervene |

**CAUTION - EXTERNAL:**

November 28, 2023

By E-mail to Chambers

Hon. Valerie E. Caproni, United States District Judge
Southern District of New York, 40 Foley Square, New York, NY 10007

Re: Renewed Press application to be heard / to unseal sentencing memo and letters in US v. Colon, 18-cr-526-7 (VEC) - and if deemed necessary motion to intervene

Dear Judge Caproni:

   Inner City Press has been covering the above captioned criminal case and in trying to access defendant Tomas Colon's November 16, 2023 sentencing memo Dkt 410 on PACER found "This document is not available." Colon's counsel filed a one-sentence letter on November 14 seeking permission to file Mr. Colon's sentencing memo under seal. "AUSA does not take a position in this request."

   Following our November 16 opposition, the Court gave Colon's counsel until November 28 to show cause on the sealing. After counsel's request to respond under seal was denied, the response consists of deriding Inner City Press for reporting on proceedings in open court, including in the case cites, victim testimony against the prosecution's grant of a 5K1 letter (in *US v. Burke*, 21-cr-550-VM ).

   Since it is the only case cited in counsel's response to the OTSC, note that what Inner City Press reported was said in open court; in the related case alluded to, *US v. Dupuis*, 21-cr-707-JSR, Judge Rakoff notes that the undersigned for

 "Inner City Press sent a letter to the Court objecting to the redactions in the defendant's sentencing materials. Having now had an opportunity to compare the redacted and unredacted versions of such materials, the Court finds that most of the redactions are excessive and unnecessary." *Id*. at Dkt 25.

1

Here, to date, the entire memo and all of the letters are being withheld. And the defendant is not even a cooperator. They must be unsealed.

If deemed necessary, this now is a request to intervene, see United States v. All Funds on Deposit at Wells Fargo Bank, 643 F. Supp. 2d 577, 580 (S.D.N.Y. 2009)

If appropriate, PLEASE TAKE NOTICE that Inner City Press and its undersigned reporter will move this Court before Honorable Valerie E. Caproni, U.S. District Judge for the Southern District of New York, at a date and time directed by the Court, for entry of an order denying the sealing of defendant's sentencing memo and letters in US v. Colon, 18-cr-526-7 (VEC).

Please act on, and docket, this request, before the sentencing.  Thank you.

Respectfully submitted,

Matthew Russell Lee, Inner City Press

cc:  vik@pawarlaw.com, Adam.Hobson@usdoj.gov

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.